# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **UNITED SAINTS MISSIONARY CHAPEL TASK FORCE CID OCB,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )  No. 3:15-cv-00171<br>) |
| **STATE OF TENNESSEE,** *et al.,* | )  Judge Campbell<br>) |
| **Defendants.** | ) |

## MEMORANDUM

The "Affidavit of Criminal Complaint" that initiated this action identifies the complainant as the "United Saints Missionary Chapel, herein called the USMC Task Force CID OCB, {The Church}." (Docket Entry No. 1 at 1.) It purports to be brought "by and through The Law Institute 20621 Clearwater Dr. Emily, Minnesota 56447; within The Negro Independent Christian Chapel {NICC; Eagle Eye Investigator(s) {EEI}." (*Id.*) It is signed by "John Mark Nee," who identifies himself as Minister of Justice of The Law Institute of Minnesota.

Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading submitted to a federal court to be signed by an attorney or by a party proceeding *pro se*. Investigation by the Court's staff indicates that no one named John Mark Nee is licensed to practice law in Tennessee or Minnesota, and no such person has been admitted to practice law in this Court as required by Local Rule 83.01.

An individual not licensed to practice law is not permitted to represent anyone other than himself, including other natural persons or "artificial entities" such as corporations, partnerships or

associations. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *Moore v. Warren*, No. 13-CV-11831, 2014 WL 1464404, at *3 (E.D. Mich. Apr. 15, 2014). Under 28 U.S.C. § 1654, such artificial entities may not "appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

Accordingly, the complaint signed and filed by John Mark Nee on behalf of USMC is in violation of Rule 11(a) of the Federal Rules of Civil Procedure and cannot form the basis of any action in this Court. Because the complainant in this action is an artificial entity that cannot simply re-file or amend its complaint *pro se*, there is no way to cure this fatal deficiency short of having a licensed attorney admitted to practice in this Court re-file the pleading.

Accordingly, this action will be **DISMISSED** without prejudice to the complainant's ability to re-file its complaint in a manner that complies with Rule 11 of the Federal Rules of Civil Procedure.

An appropriate Order is filed herewith.

                                                 _____
                                                 TODD J. CAMPBELL
                                                 United States District Judge